UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TANYA OFFUTT      Plaintiff

v.      Civil Action No. 3:18-cv-00438-RGJ

KEMPER CORPORATION      Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Tanya Offutt brought this action against Kemper Corporation ("Kemper") in Jefferson County Circuit Court alleging race discrimination under the Kentucky Civil Rights Act and retaliation under KRS 344.280. [DE 1-1, Compl. at ¶¶ 8–11]. Kemper removed the case to this Court based on diversity-of-citizenship jurisdiction. [DE 1 at ¶ 4]. Offutt moved to remand. [DE 5]. Kemper then filed a Motion to Dismiss and Compel Arbitration and for Reasonable Fees and Costs [DE 7], and Offutt moved to stay the Court's ruling on Kemper's Motion until it resolved the Motion to Remand [DE 8]. These matters are ripe for judgment. For the reasons below, the Court **GRANTS** Offutt's Motion to Remand; **DENIES AS MOOT** Kemper's Motion to Dismiss and Compel Arbitration and for Reasonable Fees and Costs; and **DENIES AS MOOT** Offutt's Motion to Stay.

## BACKGROUND

Offutt is an African-American woman who was previously employed by Kemper. [DE 1-1 at ¶ 4]. Offutt claims that while working for Kemper, she was subjected to racial harassment and discrimination that caused severe anxiety. *Id.* at ¶ 5. Offutt alleges that the harassment continued even after she complained to Kemper and that Kemper treated her less favorably than her Caucasian counterparts. *Id.* at ¶ 6.

Offutt filed suit in Jefferson County Circuit Court alleging race discrimination and unlawful retaliation. *Id.* at ¶¶ 8–11. The Complaint states that "[t]he amount in controversy exceeds the jurisdictional limit of [Jefferson County Circuit] Court, but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." *Id.* at ¶ 3.

Shortly after Offutt filed her Complaint, and without completing any discovery, Kemper removed the case to this Court based on diversity-of-citizenship jurisdiction. [DE 1 at ¶ 4]. Offutt then moved to remand, claiming that this Court lacks jurisdiction because the amount in controversy is less than $75,000. [DE 5 at 29]. Offutt attached a stipulation to her Motion affirming that she will neither seek nor accept any relief equal to or greater than $75,000. [DE 5-1 at 31]. Kemper responded that Offutt's post-removal stipulation does not destroy diversity jurisdiction, and the Court should therefore deny the Motion to Remand. [DE 6 at 34].

## DISCUSSION

**A.     Standard of Review**

Removal to federal court is proper for "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Diversity jurisdiction gives "[t]he district courts . . . original jurisdiction [over] all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a), (a)(1). A defendant removing a case has the burden of proving jurisdiction. *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921). The determination of federal jurisdiction in a diversity case should be made at the time of removal. *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000).

Offutt does not dispute that complete diversity of citizenship exists between the parties. [DE 5 at 29]. Rather, she disputes only whether the amount-in-controversy requirement is satisfied.

2

*Id.* Thus, the question for the Court is whether Kemper properly removed the action in the first instance based on the amount-in-controversy at the time of removal, and if so, whether Offutt's post-removal stipulation destroys diversity jurisdiction.

**B.     Amount in Controversy**

Generally, courts "conduct a fair reading" of the complaint to determine whether the amount in controversy satisfies 28 U.S.C. § 1332(a)'s requirements. *Hayes v. Equitable Energy Res. Co.*, 266 F.3d 560, 573 (6th Cir. 2001). Because the plaintiff is "master of the claim," a claim explicitly less than the federal requirement will typically preclude removal. *Rogers*, 230 F.3d at 872 (quoting *Gafford v. General Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993)). Two rules of Kentucky civil procedure complicate the question of proper removal to federal court in regard to the amount-in-controversy threshold. First, Kentucky's Rules of Civil Procedure prohibit a plaintiff from making a specific demand for damages in the complaint. Ky. R. Civ. P. 8.01(2). In such cases, "the defendant may assert the amount in controversy in the notice of removal." *Jenkins v. Delta Air Lines, Inc.*, No. 3:18-CV-244-CRS, 2018 WL 6728571, at *2 (W.D. Ky. Dec. 21, 2018). And the defendant must establish by a preponderance of the evidence that the amount in controversy exceeds $75,000 at the time of removal. *Id.* (citing *Rogers*, 230 F.3d at 872).

Second, Ky. R. Civ. P. 54.03 states that "[e]xcept as to a party against whom a judgment is entered by default for want of appearance, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." This enables a plaintiff to claim in his or her complaint an amount lower than the federal amount-in-controversy threshold but still seek and recover damages exceeding the amount prayed for. *Rogers*, 230 F.3d at 871. In such situations, the removing defendant must show that it

is "more likely than not" that the plaintiff's claims meet the amount-in-controversy requirement at the time of removal. *Gafford,* 997 F.2d at 158.

To establish the jurisdictional threshold, "[a] defendant drawn into a Kentucky court would be wise to engage in pre-removal discovery to clarify the amount in controversy." *Shannon v. PNC Bank, N.A.*, No. 3:14-CV-00421-CRS, 2015 WL 3541850, at *3 (W.D. Ky. June 2, 2015). Evidence of the amount of damages can be obtained through pre-removal interrogatories or requests for admissions.[1] *Id.*; *see also Sanders v. Print Fulfillment Servs., LLC*, No. 3:17CV-245-CRS, 2017 WL 2624550, at *3 (W.D. Ky. June 16, 2017). That said, the defendant's failure to conduct pre-removal discovery does not necessarily foreclose the ability to establish the requisite amount in controversy at the time of removal. *See Shannon*, 2015 WL 3541850, at *3.

In workplace-discrimination and retaliation cases, defendants routinely establish the amount in controversy by calculating the value of the plaintiff's compensatory and punitive damages. *See Jenkins*, 2018 WL 6728571, at *2; *Proctor v. Swifty Oil Co.*, No. 3:12-CV-00490-TBR, 2012 WL 4593409, at *2 (W.D. Ky. Oct. 1, 2012); *Blocker v. PPG Indus., Inc.*, No. 3:17-CV-29-DJH, 2017 WL 3431136, at *3 (W.D. Ky. Aug. 9, 2017). Courts have noted that "[b]ack pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where . . . the plaintiff seeks past and future wages." *Blocker*, 2017 WL 3431136, at *3 (internal quotation marks and citation omitted) (estimating that the trial would occur one year from removal); *see also Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 479 (6th Cir. 2014).

---

[1] While defendants may argue that they lack the time necessary to engage in pre-removal discovery given the 30-day removal deadline, this concern is misplaced. "If a case is not removable based solely on the information contained in the complaint, the 30-day deadline runs from the date on which the case becomes removable, not the date on which the defendant was served. Thus, when a complaint fails to allege the amount in controversy, the defendant will have ample opportunity to engage in the appropriate discovery because the 30-day removal deadline will not start to run until the defendant receives discovery responses showing that the amount in controversy exceeds the jurisdictional amount." *King v. Household Fin. Corp. II*, 593 F. Supp. 2d 958, 960 n.2 (E.D. Ky. Jan. 16, 2009).

Along with back pay, courts also consider other types of damages and fees when calculating the amount in controversy, including emotional-distress damages, punitive damages, and statutory attorneys' fees. *Blocker*, 2017 WL 3431136, at *3. For example, in *Shupe*, the Sixth Circuit upheld the district court's finding that the amount in controversy was at least $75,000 when the defendant presented evidence that the plaintiff earned $15 per hour and worked 42.5 hours per week. 566 F. App'x at 480. In that case, assuming the trial would occur two years after removal, the plaintiff's back pay damages would have totaled $68,250. *Id.* The court considered this amount along with the plaintiff's request for damages for humiliation, embarrassment, and attorneys' fees. *Id.* Ultimately, the court found that "it [was] more likely than not that the amount in controversy was at least $75,000." *Id*.

Offutt specifically states in her Complaint that the "amount in controversy exceeds the jurisdictional limit of [Jefferson County Circuit] Court, but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." [DE 1-1 ¶ 3]. Kemper conducted no discovery but relies on the fact that Offutt earned $4,262.21 during the two months she was employed by Kemper. [DE 1 at 3]. Kemper asserts that if a trial occurred two years after removal, Offutt's back pay damages would equal $55,408.73. *Id.* Kemper also indicates that "Kentucky federal juries have recently awarded $75,000 in compensatory damages in discrimination cases." *Id.* Finally, Kemper asserts that attorneys' fees totaling 50% of a plaintiff's damages are reasonable; therefore, Offutt is likely entitled to $64,250 in attorneys' fees ($55,408+$75,000=$130,408, $130,408*50%=$64,250). *Id.*

Kemper fails to establish by a preponderance of the evidence that the amount in controversy exceeds $75,000. Kemper relies solely on the fact that Offutt earned $4,262.21 during the two months she was employed by the company to project potential back pay. Although "[b]ack

5

pay accrued through the projected trial date is properly included in the amount-in-controversy calculation where . . . the plaintiff seeks past and future wages," *Blocker*, 2017 WL 3431136, at *3, in cases where the defendant has succeeded in establishing the amount-in-controversy requirement, estimated back pay was closer to the $75,000 threshold. *See Shupe*, 566 F. App'x at 480 ($68,250); *Blocker*, 2017 WL 3431136, at *3 ($71,676.50); *Jenkins*, 2018 WL 6728571, at *2 ($94,000). Additionally, Kemper's claims regarding non-economic compensatory damages and estimated attorneys' fees are speculative and do not provide actual evidence about the case at hand. These claims thus do not "establish that, at the time of removal, it was more likely than not that the amount in controversy in this case exceeded the sum of $75,000." *Sanders*, 2017 WL 2624550, at *2. Accordingly, 28 U.S.C. § 1332(a)'s amount-in-controversy requirement is not satisfied, and the Court lacks diversity jurisdiction.

**C.  Post-Removal Stipulation**

Even if the amount-in-controversy requirement had been met, Offutt asserts that she has made a binding stipulation that would destroy diversity jurisdiction. The Sixth Circuit has held "that a post-removal stipulation *reducing* the amount in controversy to below the jurisdictional limit does not *require* remand to state court." *Rogers*, 230 F.3d at 872 (emphasis added). Courts in this District have noted that a plaintiff's stipulation reducing the amount in controversy below the jurisdictional threshold after removal are generally disfavored because such stipulations would allow a plaintiff to defeat jurisdiction and "unfairly manipulate proceedings merely because their federal case begins to look unfavorable." *Gatlin v. Shoe Show, Inc.*, No. 3:14-CV-00446-TBR, 2014 WL 3586498, at *3 (W.D. Ky. July 21, 2014) (internal quotation marks and citations omitted); *see also Agri-Power, Inc. v. Majestic JC, LLC*, No. 5:13-CV-00046-TBR, 2013 WL 3280244, at *1 (W.D. Ky. June 27, 2013).

Yet courts in this District have also recognized that "while a plaintiff may not *reduce or change* the demand by stipulation, they may *clarify* the amount at issue in the complaint." *Jenkins*, 2018 WL 6728571, at *3 (citing *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 776 (W.D. Ky. 2002)). When, as in Kentucky, "a state prevents a plaintiff from pleading a specific amount of damages . . . and the plaintiff provides specific information about the amount in controversy for the first time in a stipulation, this district views such stipulations as a *clarification* of the amount in controversy rather than a *reduction* of such." *Agri-Power*, 2013 WL 3280244, at *3 (citing *Proctor*, 2012 WL 4593409, at *3); *see also Heckman v. Cabela's Wholesale, Inc.*, No. 3:17-CV-00512-JHM, 2017 WL 6544826, at *1 (W.D. Ky. Dec. 21, 2017); *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014) ("When a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded.").

In her Complaint, Offutt specifies that the "amount in controversy exceeds the jurisdictional limit of [Jefferson County Circuit] Court, but is less than $75,000 inclusive of fees, punitive damages and the fair value of any injunctive relief." [DE 1-1 at ⁋ 3]. In response to the Motion to Remand and in the post-removal stipulation, Offutt again states she will not seek or accept damages equal to or greater than $75,000. [DE 5-1 at 31]. As a result, Offutt's post-removal stipulation is not her first specific state of the alleged damages and is instead identical to her first statement made in the Jefferson County Circuit Court. Offutt has not sought to *reduce* the amount in controversy below the jurisdictional threshold after removal but simply made consistent statements about the amount of damages, all of which are below the jurisdictional threshold. Thus, her statements at the time of removal and post-removal are the same.

In *Jenkins* the plaintiff stated in her complaint that "the amount in controversy . . . is less than $75,000 inclusive of fees, punitive damages and other fair value of any injunctive relief," and made a post-removal stipulation that she would not seek or accept an award greater than $75,000. 2018 WL 6728571, at *3. The court held that "when the complaint includes language which discusses the amount in controversy, that language, although improper and disregarded under pleading rules, does not prevent the filing of a subsequent stipulation to clarify the amount in controversy." *Id.* at *4. The court found this particularly true where the statements were consistent.[2] *Id.* at *3.

Much like the plaintiff in *Jenkins*, Offutt includes language in her Complaint limiting the amount in controversy to less than $75,000. [DE 1-1 at ⁋ 3]. Offutt's Complaint does not bar her from making a post-removal stipulation to clarify or re-assert that she will not seek or accept an award greater than that amount. This result follows the well-established principle that "federal courts are courts of limited jurisdiction, [and] any doubts regarding federal jurisdiction should be construed in favor of remanding the case to state court," *Tankersley*, 33 F. Supp. 3d at 777, as well as the notion that the plaintiff is the "master of the claim," *Jenkins*, 2018 WL 6728571, at *4. Accordingly, Offutt's stipulation is a clarification that the amount in controversy is below the jurisdictional threshold.

Further, Offutt's post-removal stipulation must be "unequivocal" to defeat diversity jurisdiction. *Egan*, 237 F. Supp. 2d at 778. An unequivocal stipulation places "[a]n actual

---

[2] The holding in *Blocker*, No. 3:17-CV-29-DJH, 2017 WL 3431136 (W.D. Ky. Aug. 9, 2017) does not apply here because there is no attempt by Offutt to *reduce* the amount in controversy below the jurisdictional threshold post-removal, nor is the post-removal stipulation inconsistent with statements made before removal. Blocker's complaint did not demand a specific amount but did contain several statements about the damages Blocker sought to recover, which exceeded the $75,000 amount-in-controversy threshold. Thus, Blocker's stipulation was not the first statement of the amount in controversy and could not be considered a "clarification rather than a reduction." *Blocker*, 2017 WL 3431136, at *3 at 2 (quoting *Shupe*, 566 F.3d App'x at 481).

limitation on the amount of a potential judgment"—"[t]o merely say that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." *Shupe*, 566 F. App'x at 781. "[L]anguage that the plaintiff will neither seek nor accept an amount which exceeds $75,000 has been repeatedly found to be unequivocal by Kentucky federal courts." *Jenkins*, 2018 WL 6728571, at *4. Such unequivocal stipulations "leave the plaintiff no room to escape the bounds of its restrictions" and "as such, are binding and conclusive." *Id.* at *5. Given that Offutt incorporates the "seek nor accept" language in her post-removal stipulation, it is an unequivocal statement that limits her damages. [DE 5-1 at 31].

Because Offutt's stipulation is both a clarification of the amount in controversy and unequivocal, 28 U.S.C. § 1332(a)'s amount is controversy requirement is not satisfied. The Court thus lacks jurisdiction over the matter, and the case must be remanded and the remaining motions denied as moot.

## CONCLUSION

Having thus considered the parties filings and the applicable law, and being otherwise sufficiently advised, the Court **HEREBY ORDERS** that Offutt's Motion to Remand [DE 5] is **GRANTED**; Kemper's Motion to Dismiss and Compel Arbitration and for Reasonable Fees and Costs [DE 7] is **DENIED AS MOOT**; and Offutt's Motion to Stay [DE 8] is **DENIED AS MOOT**. This is a final and appealable Order.

Cc: Counsel of record and Jefferson Circuit Court